**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHARP SHIRTER, INC., an Ohio Corporation,

                  Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

                  Defendants.

Case No. 1:24-cv-01319

**Judge April M. Perry**

**DEFAULT JUDGMENT**

This action having been commenced by Plaintiff, Sharp Shirter, Inc. ("Sharp Shirter") against the defendant identified in Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified in Schedule A (collectively, the "Defendant Internet Store"), and Sharp Shirter having moved for entry of Default and Default Judgment against the defendant identified in Amended Schedule A attached hereto which has not yet been dismissed from this case: Defendant No. 14 LARTEEN (Seller ID ACRX71HLXNWM9);

This Court having entered a preliminary injunction; Sharp Shirter having properly completed service of process on LARTEEN, the combination of providing notice via electronic publication and e-mail, along with any notice that LARTEEN received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise LARTEEN of the pendency of the action and affording them the opportunity to answer and present their objections; and

LARTEEN having not answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over LARTEEN because LARTEEN directly targets their business activities toward consumers in the United States, including Illinois. Specifically, Sharp Shirter has provided a basis to conclude that LARTEEN has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products bearing, without authorization, license, or consent from Sharp Shirter, Sharp Shirter's proprietary and copyrighted artwork (the "Subject Artwork") to residents of Illinois. In this case, Sharp Shirter has presented screenshot evidence that LARTEEN is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products bearing derivative and unauthorized reproductions of the Subject Artwork. *See* Docket No 1., which includes screenshot evidence confirming that the LARTEEN e-commerce store does stand ready, willing and able to ship its goods to customers in Illinois and does so by marketing, offering for sale, and advertising the products by misappropriating the Subject Artwork. The Subject Artwork is registered with the United States Copyright Office at registration No. VA0002353436.

This Court further finds that LARTEEN is liable for willful federal copyright infringement (17 U.S.C. §§ 106, 501).

Accordingly, this Court orders that Sharp Shirter's Motion for Entry of Default and Default Judgment is GRANTED as follows, that LARTEEN is deemed in default, and that this Default Judgment is entered against LARTEEN.

2

This Court further orders that:

1.  LARTEEN, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Subject Artwork or any reproductions, derivatives, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product; and

    b.  inducing or enabling others to sell or pass off any product as a genuine Sharp Shirter product or any other product produced by Sharp Shirter, that is not Sharp Shirter's or not produced under the authorization, control, or supervision of Sharp Shirter and approved by Sharp Shirter for sale bearing the Subject Artwork;

2.  LARTEEN and any third party with actual notice of this Order who is providing services for LARTEEN, or in connection with the LARTEEN Online Marketplace, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which LARTEEN could continue to use Sharp Shirter's Subject Artwork without permission, consent, license, or authorization; and

    b.  operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Subject

3

Artwork or any reproductions, derivative copies or colorable imitations thereof that is not a not authorized by Sharp Shirter to be used in connection with the Subject Artwork.

3. Upon Sharp Shirter's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements or listings used by or associated with LARTEEN in connection with the sale of infringing goods using the Subject Artwork.

4. Pursuant to 17 U.S.C. § 504, Sharp Shirter is awarded actual damages in the amount of $90,338.000 in disgorgeable profits from Defendant LARTEEN for willful distribution and reproduction of the Subject Artwork on products sold through at least the LARTEEN Internet Store. This award shall apply to LARTEEN only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for LARTEEN, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to LARTEEN or the LARTEEN Internet Store from transferring or disposing of any funds (up to $90,338.00) or other of LARTEEN's assets.

6. All monies (up to $90,338.00) currently restrained in LARTEEN's financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Sharp Shirter the amounts from LARTEEN's financial accounts within fourteen (14) calendar days of receipt

of this Order.

7.    Until Sharp Shirter has recovered full payment of monies owed to it by LARTEEN, Sharp Shirter shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.    In the event that Sharp Shirter identifies any additional online marketplace accounts or financial accounts owned by LARTEEN, Sharp Shirter may send notice of any supplemental proceeding, including a citation to discover assets, to LARTEEN by e-mail at the e-mail addresses identified in Exhibit 1 to the Declaration of Trevor W. Barrett and any e-mail addresses provided for LARTEEN by third parties.

9.    The Ten Thousand-dollar ($10,000) bond posted by Sharp Shirter is hereby released to Sharp Shirter or its counsel, Doniger / Burroughs.  The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Sharp Shirter or its counsel.

This is a Default Judgment.

Dated: April 15, 2025

_____

Hon. April M. Perry
United States District Judge

5

**Schedule A**

| No. | Seller Name | Seller ID |
|-----|-------------|-----------|
| 14 | LARTEEN | ACRX71HLXNWM9 |